UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-CV-22902-KING

SARAH D'ANTONIO,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

**PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION TO DEFENDANT**

The Plaintiff, SARAH D'ANTONIO, by and through undersigned counsel, hereby propounds the attached Initial Request for Production to Defendant, ROYAL CARIBBEAN CRUISES LTD., to be responded in accordance with the applicable Federal Rules of Civil Procedure.

    Respectfully submitted,

    LIPCON, MARGULIES,
    ALSINA & WINKLEMAN, P.A.
    *Attorneys for Plaintiff*
    One Biscayne Tower, Suite 1776
    2 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone No.: (305) 373-3016
    Facsimile No.: (305) 373-6204

By: */s/ Marc E. Weiner*
    **MICHAEL A. WINKLEMAN**
    Florida Bar No. 36719
    mwinkleman@lipcon.com
    **MARC E. WEINER**
    Florida Bar No. 91699
    mweiner@lipcon.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on <u>November 13, 2017</u>, a true and correct copy was sent via Electronic Mail to on all counsel of record or pro se parties identified on the attached Service List.

By: */s/ Marc E. Weiner*
**MARC E. WEINER**
Florida Bar No. 91699

## SERVICE LIST

*D'Antonio v. Royal Caribbean Cruises Ltd.*
Case No. 17-cv-22902-KING

**Michael A. Winkleman, Esq.**
mwinkleman@lipcon.com
**Marc E. Weiner, Esq.**
mweiner@lipcon.com
LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
*Attorneys for Plaintiff*

**Natasha K. Alcivar, Esq.**
nalcivar@rccl.com
ROYAL CARIBBEAN CRUISES LTD.
1050 Caribbean Way
Miami, Florida 33132
Tel: (305) 982-2956
Alt.: (305) 539-6204
Fax: (305) 539-6561
*Attorney for Defendant*

## INSTRUCTIONS

(1) The incident referred to in these interrogatories is the one alleged by the Plaintiff to be the basis of her claim in the Complaint.

(2) The threshold referred to in these requests is the metal threshold in the Casino area of Deck 4 where the subject incident is alleged to have occurred.

## PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION TO DEFENDANT

The Plaintiff hereby requests Defendant, ROYAL CARIBBEAN CRUISES LTD., to produce legible copies of the following documents to Plaintiff's counsel:

1. Any and all medical records referring to the Plaintiff in Defendant's possession, custody or control.

2. Any and all contracts between Defendant and the Plaintiff.

3. Any and all written correspondence between Defendant and the Plaintiff.

4. Any and all ship's log entries, for the subject voyage, which refer to: (a) the Plaintiff and/or (b) the subject incident.

5. Any and all statements given by (or taken of) the Plaintiff in Defendant's possession, custody or control.

6. Any and all statements given by any witness or any other person who may have knowledge of relevant facts, with respect to the subject incident, including, but not limited to, those given at or near the time of the incident by Defendant's employees and/or ship's medical personnel.

7. Any and all photographs and/or videos depicting the Plaintiff.

8. Any and all photographs and/or videos depicting the subject incident.

9. Any and all photographs of the subject threshold as it existed at or around the time of the subject incident.

10. Any and all photographs of the subject threshold as it exists currently.

11. Any and all of Defendant's rules, regulations, policies and/or procedures, in effect at the time of the subject cruise, which pertain in any way to inspecting deck areas (including passenger cabin hallways) for fall hazards related to raised steps, thresholds, and/or changes in level.

12. Any and all of Defendant's rules, regulations, policies and/or procedures, in effect at the time of the subject cruise, which pertain in any way to warning passengers of fall hazards related to steps, thresholds, and/or changes in level.

13. Any and all of Defendant's rules, regulations, policies and/or procedures, in effect at the time of the subject cruise, which pertain in any way to preventing fall hazards related to steps, thresholds, and/or changes in level.

14. Any and all of Defendant's rules, regulations, policies and/or procedures, in effect at the time of the subject cruise, which pertain in any way to warnings and/or instructions provided to passengers regarding footwear and/or traversing flooring, steps, and/or thresholds aboard its ship.

15. Any and all of Defendant's rules, regulations, policies and/or procedures referenced in Defendant's answers to the Plaintiff's interrogatories.

16. Any and all documents pertaining to any warnings and/or instructions provided by Defendant to the Plaintiff and/or other passengers on the subject cruise concerning the subject threshold at the time of the subject incident.

17. Any and all documents and/or materials which indicate what material the subject threshold was made of at the time of the subject incident, including, but not limited to, the trade name of the material.

18. Any and all documents pertaining to accidents and/or incidents of a similar nature where someone tripped and fell on any of the same and/or similar thresholds aboard the subject vessel (as listed in response to the preceding interrogatory) within three (3) years before the date of the subject incident (the individual's personal information, such as social security number, may be redacted).

19. Any and all documents pertaining to accidents and/or incidents of a similar nature where someone tripped and fell on the subject threshold aboard the subject vessel within five (5) years before the date of the subject incident (the individual's personal information, such as social security number, may be redacted).

20. Any and all documents pertaining to accidents and/or incidents of a similar nature where someone tripped and fell on any of the same and/or similar thresholds aboard Defendant's vessels (as listed in response to the preceding interrogatory) within three (3) years before the date of the subject incident (the individual's personal information, such as social security number, may be redacted).

21. Any and all claims and/or complaints received by Defendant regarding the safety of the subject threshold for three years prior to the date of the subject incident.

22. Any and all claims and/or complaints received by Defendant regarding the safety of the same or similar thresholds aboard the subject vessel (as listed in response to interrogatory number 15) for three years prior to the date of the subject incident.

- 5 -

23. Any and all claims and/or complaints received by Defendant regarding the safety of the same or similar thresholds aboard Defendant's vessels (as listed in response to interrogatory number 18) for three years prior to the date of the subject incident.

24. Any and all notes, memos, or other written documentation and/or correspondence within three years prior to the subject incident concerning the subject threshold's change in level, lack of visual warnings, and/or tripping hazard.

25. Any and all documents, reports, audits, consultations, suggestions, and/or letters received by Defendant within three years from any outside company which has consulted with Defendant concerning the type of incident which is the subject of this lawsuit.

26. Any and all documents discussing the subject hallway and/or threshold's compliance with the ADA.

27. Any and all documents referencing or memorializing ship safety meetings which, in any way, refer to the thresholds aboard Defendant's vessels for three years prior to the date of the incident alleged in the Complaint.

28. Any and all Corrective Action Reports concerning the subject incident.

29. Any and all documents identified in Defendant's answers to the Plaintiff's Initial Interrogatories.