UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-CV-22902-KING

SARAH D'ANTONIO,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

### PLAINTIFF'S INITIAL REQUEST FOR ADMISSIONS TO DEFENDANT

The Plaintiff, SARAH D'ANTONIO, by and through undersigned counsel, hereby propounds the attached Initial Request for Admissions to Defendant, ROYAL CARIBBEAN CRUISES LTD., to be responded in accordance with the applicable Federal Rules of Civil Procedure.

    Respectfully submitted,

    LIPCON, MARGULIES,
    ALSINA & WINKLEMAN, P.A.
    *Attorneys for Plaintiff*
    One Biscayne Tower, Suite 1776
    2 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone No.: (305) 373-3016
    Facsimile No.: (305) 373-6204

By: */s/ Marc E. Weiner*
    **MICHAEL A. WINKLEMAN**
    Florida Bar No. 36719
    mwinkleman@lipcon.com
    **MARC E. WEINER**
    Florida Bar No. 91699
    mweiner@lipcon.com

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on <u>November 13, 2017</u>, a true and correct copy was sent via Electronic Mail to on all counsel of record or pro se parties identified on the attached Service List.

> By: */s/ Marc E. Weiner*
> **MARC E. WEINER**
> Florida Bar No. 91699

## SERVICE LIST

*D'Antonio v. Royal Caribbean Cruises Ltd.*
**Case No. 17-cv-22902-KING**

| | |
|---|---|
| **Michael A. Winkleman, Esq.** | **Natasha K. Alcivar, Esq.** |
| mwinkleman@lipcon.com | nalcivar@rccl.com |
| **Marc E. Weiner, Esq.** | ROYAL CARIBBEAN CRUISES LTD. |
| mweiner@lipcon.com | 1050 Caribbean Way |
| LIPCON, MARGULIES, | Miami, Florida 33132 |
| ALSINA & WINKLEMAN, P.A. | Tel: (305) 982-2956 |
| One Biscayne Tower, Suite 1776 | Alt.: (305) 539-6204 |
| 2 South Biscayne Boulevard | Fax: (305) 539-6561 |
| Miami, Florida 33131 | *Attorney for Defendant* |
| Telephone No.: (305) 373-3016 | |
| Facsimile No.: (305) 373-6204 | |
| *Attorneys for Plaintiff* | |

## **PLAINTIFF'S INITIAL REQUEST FOR ADMISSIONS TO DEFENDANT**

The incident referred to in these requests is the one alleged by the Plaintiff to be the basis of her claim in the Complaint.

The threshold referred to in these requests is the metal threshold in the Casino area of Deck 4 where the subject incident is alleged to have occurred.

The Plaintiff hereby requests that Defendant, ROYAL CARIBBEAN CRUISES LTD., admit the following:

1. The date of the incident alleged in the Complaint is correct.

2. The place of the incident alleged in the Complaint is correct.

3. The name of the Defendant alleged to have owned the vessel involved in the incident alleged in the Complaint is correct.

4. The name of the Defendant alleged to have operated the vessel involved in the incident alleged in the Complaint is correct.

5. The Defendant charged with negligence with respect to the incident alleged in the Complaint was, in fact, negligent at the time.

6. The Plaintiff suffered personal injury as a result of the incident alleged in the Complaint.

7. At the time of the incident alleged in the Complaint, the Plaintiff, was not, in any degree, negligent.

8. At all times material hereto, Defendant engaged in one or more of the acts listed in Florida Statutes 48.081 or 48.181 or 48.193 in Florida.

9. Defendant prepared an accident or incident report pertaining to the incident alleged in the Complaint at or near the time of the alleged incident.

10. Defendant had photos taken of the scene of the alleged incident onboard the vessel at or near the time of the incident.

11. Defendant had photos taken of the scene of the alleged incident onboard the vessel prior to any changes being made to the scene.

12. All of the employees on the vessel at the time of the Plaintiff's alleged incident were members of the vessel's crew.

13. Defendant has access to its crewmembers for purposes of taking statements and investigating incidents such as the one alleged by the Plaintiff in the Complaint.

14. One of the duties of the Staff Captain onboard the vessel is to investigate incidents and accidents.

15. One of the duties of the Staff Captain onboard the vessel is to fill out an incident or accident report at or near the time of the incident or accident.

16. The Staff Captain keeps a copy of the incident or accident report.

17. The Plaintiff was lawfully a passenger onboard the vessel on the date of the accident alleged in the Complaint.

18. The Plaintiff had paid Defendant the required transportation fee for transportation on the vessel on the date alleged in the Complaint.

19. Defendant failed to warn the Plaintiff of any hazard or danger in the subject threshold prior to the subject incident.