UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-CV-22902-KING

SARAH D'ANTONIO,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**INITIAL INTERROGATORIES TO PLAINTIFF**

The Plaintiff, SARAH D'ANTONIO, by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby serves the attached response to Defendant, ROYAL CARIBBEAN CRUISES LTD.'S Initial Interrogatories, propounded on or about August 31, 2017.

    Respectfully submitted,

    LIPCON, MARGULIES,
    ALSINA & WINKLEMAN, P.A.
    Suite 1776, One Biscayne Tower
    2 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: (305) 373-3016
    Fax:    (305) 373-6204
    *Attorneys for Plaintiff*

By:    */s/Marc E. Weiner*
    **MICHAEL A. WINKLEMAN**
    Fla. Bar. No.: 36719
    mwinkleman@lipcon.com
    **MARC E. WEINER**
    Florida Bar No.: 91699
    mweiner@lipcon.com

- 2 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **November 13, 2017**, a true and correct copy of Plaintiff's Answers to Defendant's Initial Interrogatories was served on all counsel or parties listed in the service list below via electronic mail.

> By: /s/ *Marc E. Weiner*
> **MARC E. WEINER**
> Florida Bar No.: 91699

## SERVICE LIST

*D'Antonio v. Royal Caribbean Cruises Ltd.*
Case No. 17-cv-22902-King

**Michael A. Winkleman, Esq.**
mwinkleman@lipcon.com
**Marc E. Weiner, Esq.**
mweiner@lipcon.com
LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
*Attorneys for Plaintiff*

**Natasha K. Alcivar, Esq.**
nalcivar@rccl.com
ROYAL CARIBBEAN CRUISES LTD.
1080 Caribbean Way
Miami, Florida 33132
(305) 982-2046 Tel.
(305) 539-4457 Alt. Tel.
Fax (305) 539-6561
*Attorney for Defendant*

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## <u>INITIAL INTERROGATORIES TO PLAINTIFF</u>

**Note: The following answers are qualified to the extent that they require facts, conclusions, and opinions that are not within the personal knowledge of the Plaintiff. To such extent, the plaintiff was assisted in the preparation of the following answers and interrogatories by undersigned counsel. The preceding and following information is provided without waiving attorney-client privilege or any attorney work product privilege. Moreover, the information contained herein is provided without waiving attorney-client privilege or work product privilege.**

1. What is the name, address, social security number, of the Plaintiff and the person answering these Interrogatories, and, if applicable, the person's official position or relationship with the party to whom the Interrogatories are directed?

   **ANSWER:** The Plaintiff, Sarah D'Antonio, has provided answers to these interrogatories. The Plaintiff has answered these interrogatories with the assistance of her counsel:

   **LIPCON, MARGULIES,**
   **ALSINA & WINKLEMAN, P.A.**
   **One Biscayne Tower, Suite 1776**
   **2 South Biscayne Boulevard**
   **Miami, Florida 33131**

2. List the names, business addresses, telephone numbers, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten (10) years.

   **ANSWER:** **H. Drexel Dobson, MD**
   **2191 9th Ave., N**
   **St. Petersburg, FL 33709**
   **2006-2010**

   **Discovery and investigation are ongoing.**

3. List all former names and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, your driver license number and, if you are or have ever been married, the name of your spouse or spouses, and the date of dissolution of each said marriage.

   **ANSWER:** **Sarah D'Antonio**
   **5660 80th St. N**
   **C-101**
   **St. Petersburg, FL 33709**

        **(2007 – current)**

        **F/K/A: Sarah Gail Young, Sally, Sarah Young D'Antonio**

        **Spouse: Richard D'Antonio (Deceased)**

        **SSN: Plaintiff will not include in writing in any pleading which is subject to view by members of the public her Social Security Number for fear this will lead to identity theft of Plaintiff as well as invasion of Plaintiff's privacy. Plaintiff will orally advise Defendant as to her Social Security Number provided the Defendant not publicly disseminate the Social Security Number to any other individuals or entities.**

4. Were you suffering from any physical infirmity, disability, or sickness at the time of the incident alleged in the Complaint? If so, state in detail, the nature of the infirmity, disability, or sickness.

   **ANSWER:** No.

5. Did you consume any alcoholic beverages, use any narcotics, or take any drugs or medication (either prescription or nonprescription) with twenty-four (24) hours of the incident alleged in the Complaint? If so, state the type and quantity of alcoholic beverages, narcotics, drugs, or medication consumed and when each was consumed.

   **ANSWER:** No.

6. Describe, in your own words, the location of and how the incident alleged in the Complaint occurred.

   **ANSWER:** **On October 6, 2016 at approximately 8:00 p.m., Plaintiff was walking thru the casino and her right foot caught in a metal strip causing Plaintiff to suddenly and without warning fall to the ground. The Plaintiff felt immediate and excruciating pain in her body and extremities. There was significant trauma and injuries to her hip and knee. There was nothing the Plaintiff could have done to have prevented the incident.**

   **Discovery and investigation are ongoing.**

7. Describe, in precise detail, each act or omission on the part of any party, whether or not a party to the present action, that you contend constituted negligence that was a contributing legal cause of the incident alleged in the Complaint.

   **ANSWER:** **On or about October 8, 2016, Celebrity and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances, through the following acts**

and/or omissions:

a. Failure to maintain the subject area in a reasonably safe condition; and/or

b. Failure to adequately and regularly inspect the subject area for hazards, such as tripping hazards; and/or

c. Failure to adequately and regularly maintain the area free of hazards, such as tripping hazards; and/or

d. Failure to adequately repair the area to ensure that it is free of hazards, such as tripping hazards; and/or

e. Failure to mark the hazard on the flooring surface so that it was readily apparent to passengers, including Plaintiff; and/or

f. Failure to close off and/or place warning signs on or around the subject area to keep passengers and Plaintiff away from hazard; and/or

g. Failure to instruct and/or warn passengers, such as the Plaintiff, of the hazards in walkways aboard the ship (including but not limited to the subject area) presenting dangers to such persons; and/or

h. Failure to adequately warn the Plaintiff of the danger posed by the threshold; and/or

i. Failure to adequately warn the Plaintiff of other trip-and-fall accidents previously occurring on the same or similar type of threshold; and/or

j. Failure to adequately warn the Plaintiff of other trip-and-fall accidents previously occurring in the same or similar manner as the Plaintiff's incident; and/or

k. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by the threshold; and/or

l. Failure to correct hazardous conditions following other trip and fall accidents in the same area; and/or

m. Failure to provide a reasonably safe walkway for passengers in the subject area; and/or

n. Failure to correct hazardous conditions following prior trip-and-fall accidents occurring in the same manner as the Plaintiff's incident; and/or

o. Failure to provide adequate assistance to passengers aboard the ship; and/or

    p.  **Failure to maintain the flooring surface in a level condition.**

    j.  **Other instances of negligence revealed through discovery.**

        **Discovery and investigation are ongoing.**

8. Describe, in precise detail, each and every injury for which you are claiming damages in the present action, specifying the part of the body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

    **ANSWER:** **As a result of the Defendant's negligence the Plaintiff suffered a broken right hip and 20 stitches in her right knee.  Plaintiff sustained a laceration at the anterior aspect for the knee and suffered a transcervical right hip femoral neck fracture with significant displacement.  The injury to her right hip required surgery.  As a result of her injuries the Plaintiff has permanent pain, swelling, stiffness, numbness, reduced range of motion, weakness, scarring and inability to carry out her routine activities, including but not limited to walking, caring for her home and exercising.  The Plaintiff is still actively treating for her ship board injuries.**

        **See also, medical records produced in response to request for production.**

        **Discovery and investigation are ongoing.**

9. List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident alleged in the Complaint, providing for each item: the date incurred, the name and business address of the individual or entity to whom each was paid or is owed, and the items or services for which each was incurred.

    **ANSWER:** **To the best of Plaintiff's knowledge, the Plaintiff suffered injury about her body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment, and suffered physical handicap. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of her vacation cruise for which she incurred expenses, including, but not limited to the cost of the cruise ticket as well as transportation costs.**

>**The Plaintiff is in the process of compiling her medical expenses and economic damages. See also, documents produced in response to requests for production.**
>
>**Discovery and investigation are ongoing.**

10. Do you contend that you have lost any income, benefits, or earning capacity in the past or will lose any income, benefits, or earning capacity in the future as a result of the incident alleged in the Complaint? If so, state the nature of the income, benefits, or earning capacity, and the method used in computation of said amount.

    >**ANSWER:   The Plaintiff is not making a claim for lost wages/income at this time.**
    >
    >**Discovery and investigation are ongoing.**

11. Has anything been paid or is anything payable from any third party for the damages listed in your answers to these Interrogatories? Is so, state the amounts paid or payable, the name and business address of the individual or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

    >**ANSWER:   Yes, Florida Blue and Medicare. The Plaintiff has requested her payout sheets.**
    >
    >**Discovery and investigation are ongoing.**

12. List the names, business addresses, and telephone numbers of each physician, medical facility, or other health care provider who has provided or rendered diagnosis, examination, or treatment to you as a result of any injuries for which you seek damages in the present action; and state as to each, the dates of diagnosis, treatment, and/or examination, as well as the injury or condition for which you were diagnosed, examined, and/or treated.

    >**ANSWER:   To the best of the Plaintiff's recollection:**
    >
    >   a. **Medical Center *Freedom of the Seas***
    >
    >   b. **Dr. Robert Sedaros**
    >      **220 N. Sykes Creek Parkway**
    >      **Merritt Island, FL 32952**
    >
    >   c. **Wuesthoff Medical Center**
    >      **110 Longwood Ave.**
    >      **Rockledge, FL 32955**
    >
    >   d. **Viera Health and Rehab Center**

      **8050 Spyglass Hill Road**
      **Melbourne, FL 32940**

  e.  **Health South Rehabilitation Hospital**
      **901 Clearwater Largo Road, N**
      **Largo, FL 33770**

  f.  **Next Step Physical Therapy and Rehabilitation**
      **5535 Park St. N**
      **St. Petersburg, FL 33709**

  g.  **Seminole Pavilion Rehabilitation and Nursing**
      **10800 Temple Terrace**
      **Seminole, FL 33772**

  **Discovery and investigation are ongoing.**

13. List the names, business addresses, and telephone numbers of all other physicians, medical facilities, or other health care providers by whom or at which you have been diagnosed, examined, and/or treated in the past ten (10) years; and state as to each, the dates of diagnosis, treatment, and/or examination, as well as the injury or condition for which you were diagnosed, examined, and/or treated.

    **ANSWER:** To the best of the Plaintiff's recollection, in addition those providers identified above, the Plaintiff also treated with:

    a.  **Dr. John Hoche**
      **1615 Pasadena Ave., Suite 300**
      **St. Petersburg, FL 33707**

    b.  **Dr. Karen Monroe**
      **1609 Pasadena Ave. S**
      **St. Petersburg, FL 33707**
      **(Primary Care)**

    c.  **Dr. David Hobbs**
      **2191 9th Ave. N, Suite 240**
      **St. Petersburg, FL 33713**

    d.  **Dr. Sanabria Guillermo**
      **110 Longwood Ave.**
      **Rockledge, FL 32955**

    e.  **Dr. Stephen Watts**
      **119 Longwood Ave.**
      **Rockledge, FL 32955**

f.    **Dr. Kevin Huguent**
**960 7th Ave. N**
**St. Petersburg, FL 33705**
**(Surgeon, gall bladder removal)**

g.    **Michael Mishkin**
**625 6th Ave. S, #430**
**St. Petersburg, FL 33701**
**(Cardiologist)**

h.    **Dr. Arzu Ilercil**
**5 Tampa General Circle**
**Tampa, FL 33606**
**(Cardiologist)**

i.    **Dr. Bengt Herweg**
**5 Tampa General Circle**
**Tampa, FL 33606**
**(Electrophysiologist)**

j.    **Dr. Ralph DeMatteis**
**2191 9th Ave. N**
**St. Petersburg, FL 33713**
**(Surgeon – melanoma)**

k.    **Dr. Kenneth Gustke**
**909 North Dale Mabry**
**Tampa, FL 33609**
**(Orthopedist)**

l.    **Dr. James Connor**
**620 10th St. N, #3a**
**St. Petersburg, FL 33705**
**(Dermatology)**

m.    **Dr. Girish Patel**
**2112 16th St. N**
**St. Petersburg, FL 33704**
**(Gastroenterology)**

n.    **Dr. Jose Gallastegui**
**455 Pinellas St., Suite 400**
**Clearwater, FL 33756**
**(Cardiologist)**

o.    **Dr. Gerald Trimble**
**603 7th St. South, Suite 320**

    St. Petersburg, FL 33701
    **(Diagnostic and interventional pain)**

p.  **Northside Hospital**
    **6000 49th St. N**
    **St. Petersburg, FL 33709**
    **(Gallbladder and heart)**

q.  **St. Anthony's Hospital**
    **1200 7th Ave. N**
    **St. Petersburg, FL 33705**
    **(Gallbladder, heart, pneumonia)**

r.  **Largo Medical**
    **201 14th St. SW**
    **Largo, FL 33770**
    **(Pneumonia)**

s.  **St. Petersburg General Hospital**
    **6500 38th Ave. N**
    **St. Petersburg, FL 33710**
    **(Stitches)**

t.  **Bardmoor Emergency Center**
    **8839 Bryan Dairy Road**
    **Largo, FL 33777**
    **(Heart)**

u.  **Tampa General Hospital**
    **1 Tampa General Circle**
    **Tampa, FL 33606**
    **(Knee and heart)**

v.  **Encompass HHC**
    **14004 Roosevelt Blvd., Suite 610**
    **Clearwater, FL 33762**
    **(Home Health Care)**

w.  **Kindred HHC**
    **380 Park Place Blvd., #100**
    **Clearwater, FL 33759**
    **(Home Health Care)**

x.  **Palms of Pasadena**
    **1501 Pasadena Ave. S**
    **South Pasadena, FL 33707**
    **(Virus)**

- 10 -

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

      **y.**    **Dr. Himanshu Chandarana**
              **3380 66th St. N**
              **St. Petersburg, FL 33709**
              **(Asthma)**

     **Discovery and investigation are ongoing.**

14. Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the sate and place of conviction.

    **ANSWER:**     **No.**

15. Please state the name, physical and mailing addresses, telephone numbers of each and every individual or entity that has provided you coverage for medical treatment and/or medical expenses in the ten (10) year period preceding the incident alleged in your complaint. For each provider of such coverage please state the group number, policy number, and member identification number under which you were afforded such coverage.

    **ANSWER:**     **To the best of the Plaintiff's recollection:**

        **Medicare**
        **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**

        **Florida Blue**
        **XJNH78819004**

        **Discovery and investigation are ongoing.**

16. State whether you have ever sustained any injury as a result of an accident, or otherwise, before or after the date of the accident in this case, and, if so, state the date and place of said accident or incident, the nature of said accident or incident, the nature of your injuries as a result of said accident or incident, and name and address of each physician or medical care provider who cared for you or treated you as a result of each said accident or incident.

    **ANSWER:**     **No**

        **Discovery and investigation are ongoing.**

17. List the names, addresses, and telephone numbers of all persons who are believed or known by you, your agents, or attorneys to have knowledge of the incident alleged in the Complaint; and specify the subject matter about which each witness has knowledge.

- 11 -
L IPCON , M ARGULIES , A LSINA & W INKLEMAN , P.A.

**ANSWER:**

1. **Plaintiff Sarah D'Antonio**
   c/o Plaintiff's counsel
   Knowledge of incident, damages and liability

2. **Maureen Carr (Friend/travel companion/eye witness)**
   c/o Plaintiff's counsel
   Knowledge of incident, damages and liability

3. **Unidentified crew members working in the Casino**
   c/o Defendant Royal Caribbean
   Knowledge of incident, damages, liability

4. **Plaintiff's medical providers for the injuries suffered:**

   a. **Medical Center *Freedom of the Seas***

   b. **Dr. Robert Sedaros**
      **220 N. Sykes Creek Parkway**
      **Merritt Island, FL 32952**

   c. **Wuesthoff Medical Center**
      **110 Longwood Ave.**
      **Rockledge, FL 32955**

   d. **Viera Health and Rehabilitation Center**
      **8050 Spyglass Hill Road**
      **Melbourne, FL 32940**

   e. **Health South Rehabilitation Hospital**
      **901 Clearwater Largo Road, N**
      **Largo, FL 33770**

   f. **Next Step Physical Therapy and Rehabilitation**
      **5535 Park St. N**
      **St. Petersburg, FL 33709**

   g. **Seminole Pavilion Rehabilitation and Nursing**
      **10800 Temple Terrace**
      **Seminole, FL 33772**

   **Discovery and investigation are ongoing.**

18. Have you heard or do you know of any statement or remark made by or on behalf of any party to the present action, other than yourself, concerning any issue in the present action? If so, state the name, address, and telephone number of each individual who

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

heard the statement, as well as the date, time, place, and substance of each statement.

**ANSWER:** **The Plaintiff has no written or audio statements at this time.**

**Discovery and investigation are ongoing.**

19. State the name, address, and telephone number of every individual known to you, your agents, or attorneys who has knowledge about, possession of, or custody or control of any photographs or videos pertaining to any fact or issue involved in the present action; specifically, any photographs depicting the scene of the incident alleged in the Complaint, or any photographs depicting any injuries and/or damages sustained as a result of the incident alleged in the Complaint.

**ANSWER:**

1. **Plaintiff Sarah D'Antonio**
   **c/o Plaintiff's counsel**
   **Knowledge of incident, damages and liability**

2. **Maureen Carr (Friend/travel companion/eye witness)**
   **c/o Plaintiff's counsel**
   **Knowledge of incident, damages and liability**

3. **Unidentified crew members working in the Casino**
   **c/o Defendant Royal Caribbean**
   **Knowledge of liability**

**Discovery and investigation are ongoing.**

20. Do you have a social media account? If yes, then so state the name of the website, and your username. (i.e. Facebook, Twitter, Instagram, et. al.), and how long you have had the account.

**ANSWER:** **Plaintiff has a Facebook account. Sally Young D'Antonio: 5-6 years.**

**Discovery and investigation are ongoing.**

21. State whether you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present. If so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which suit was filed.

**ANSWER:** **None.**

**Discovery and investigation are ongoing.**

- 13 -
L IPCON , M ARGULIES , A LSINA & W INKLEMAN , P.A .

I have read the foregoing Responses to Defendant's Interrogatories and swear that they are true and correct to the best of my knowledge and belief.

_____
SARAH D'ANTONIO

STATE OF **FLORIDA** )
                     )ss:
COUNTY OF **Brevard** )

BEFORE ME, the undersigned authority duly authorized by law to administer oaths and to take acknowledgments, personally appeared **Sarah D'Antonio** who, being first duly sworn on oath, deposes and says he/she has read the Answers to Defendant's Interrogatories and that same are true and correct to the best of his/her information and belief.

SWORN TO AND SUBSCRIBED before me this **10** day of **November**, 2017

_____
NOTARY PUBLIC

My Commission Expires: **6/14/2018**

BRIAN R. GROPPE
Notary Public - State of Florida
My Comm. Expires Jun 14, 2018
Commission # FF 105103

9